IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN ANDREW KISTER,            )
                               )
            Plaintiff,          )
                               )
v.                             )        CASE NO. 2:20-cv-414-ECM
                               )                [WO]
JEFFERSON S. DUNN, *et al.*,   )
                               )
            Defendants.         )

## O R D E R

On August 23, 2023, this Court entered a Memorandum Opinion and Order adopting the Magistrate Judge's Recommendation, granting the Defendants' motion for summary judgment, and dismissing this case with prejudice, along with a final judgment. (Docs. 80, 81). In the Recommendation, the Magistrate Judge had construed the Defendants' answer and special report, which had been filed over two years earlier, as motions for summary judgment. (Doc. 79 at 2, 21). The Plaintiff did not file objections to the Recommendation.

Now pending before the Court is the Plaintiff's *pro se* motion to reopen case (doc. 82), which the Court construes as a motion for relief under Federal Rule of Civil Procedure 60(b)(6).[1] The Plaintiff argues that the Court should set aside the final judgment and reopen the case because summary judgment was granted in favor of the Defendants based upon their special reports, and after final judgment was entered, the Plaintiff obtained from the Eleventh Circuit the vacatur of a grant of summary judgment in another case based on

---

[1] The Plaintiff cites Rule 60(b)(6) in his motion. (Doc. 82 at 1).

problems with the special report procedures which were used in that case. *See Kister v. Borowicz*, 2025 WL 1013729 (11th Cir. Apr. 4, 2025) (per curiam). The Plaintiff also cites a concurrence in *Chapman v. Dunn*, 129 F.4th 1307 (11th Cir. 2025), in which an Eleventh Circuit judge voiced concerns about the special report procedure employed in this Court. *See id.* at 1319–29 (Jordan, J., concurring). The Plaintiff contends that the Court should reopen this case and allow him to file objections to the Recommendation based on the Eleventh Circuit's reasoning and conclusion in *Kister* and the *Chapman* concurrence.

Rule 60(b)(6) authorizes the court to relieve a party from a final judgment for "any other reason that justifies relief." "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). To warrant relief under Rule 60(b)(6), the moving party must not only show "'sufficiently extraordinary' circumstances," but also that "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015) (citation omitted).

Although an intervening change in the law could be sufficiently extraordinary to justify Rule 60(b)(6) relief, a plaintiff's "lack of diligence in pursuing review of the [relevant] issue" precludes a finding of extraordinary circumstances. *See Gonzalez*, 545 U.S. at 537–38. In *Gonzalez*, the Supreme Court concluded that the petitioner failed to show extraordinary circumstances where the district court had dismissed his federal habeas petition on statute of limitations grounds based on then-existing Eleventh Circuit precedent, and the Supreme Court subsequently reached a different conclusion on the limitations issue. *Id.* at 536–37. The Court reasoned that the petitioner was not diligent in

pursuing review of the statute of limitations issue after the district court ruled against him because he did not raise the issue in his application for a certificate of appealability ("COA"), "nor filed a petition for rehearing of the Eleventh Circuit's denial of a COA, nor sought certiorari review of that denial." *Id.* at 537. The Court concluded that his lack of diligence "confirm[ed]" that the intervening change in the law was "not an extraordinary circumstance justifying relief from the judgment." *Id.*

After careful review, the Court concludes that the Plaintiff has not shown entitlement to Rule 60(b)(6) relief. Beginning with his reliance on the *Chapman* concurrence, the concurrence did not work a change in law and thus is insufficient to establish extraordinary circumstances for this reason alone. Additionally, the Court has little trouble concluding that the Plaintiff was not diligent in pursuing review of the special report procedures in this case based on *Kister* or the *Chapman* concurrence, assuming without deciding that either or both of those opinions amount to a change in the law.[2] First, the Plaintiff did not appeal this Court's grant of summary judgment. Although the favorable ruling in *Kister*, the *Chapman* concurrence, or both may have made his decision not to appeal "mistaken in hindsight," the record supports the conclusion that his decision "had been free and voluntary." *See id.* at 538 (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). Moreover, he waited nearly two years after judgment was entered—and approximately six months after the Eleventh Circuit's decision in *Kister*—to seek

---

[2] To the extent the Plaintiff also relies on the majority opinion in *Chapman*, it does not alter the Court's conclusion.

postjudgment relief in this Court.[3]  Therefore, on this record the Plaintiff fails to show extraordinary circumstances justifying relief from the judgment.

Accordingly, for the reasons stated, it is

ORDERED that the Plaintiff's motion (doc. 82) is DENIED.

This case remains CLOSED.

DONE this 16th day of January, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court also observes that to date, the Plaintiff still has not filed objections or proposed objections to the Magistrate Judge's Recommendation.